CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
July 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 1:24-cr-19 |
| ) | |
| **MYRON JOEL WYATT** ) | |

## OPINION AND ORDER

Defendant Myron Wyatt ("Defendant") moves this Court under 18 U.S.C. § 3145(a)(2) to amend the Magistrate Judge's Order Setting Conditions of Release pending trial (Dkt. 23) and to remove several conditions imposed. After a careful *de novo* review of the evidentiary record and the arguments of counsel, I conclude that all the conditions of pretrial release imposed, with the exception of conditions 6(j) and 6(o), are the least restrictive conditions required to affect the goals of ensuring Defendant's appearance in court and to reasonably assure the safety of any person and the community. Condition 6(j) requires Defendant to actively seek and/or maintain employment and Condition 6(o) requires Defendant to continue mental health treatment. As the Defendant is retired and is not currently receiving mental health treatment, I will remove these conditions. I will also remove any requirement under conditions 6(d) and 6(p) that Defendant undergo a mental health evaluation or provide access to any mental health provider.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Defendant is charged in a two-count indictment alleging he conspired to commit, and committed, healthcare fraud. He had an initial appearance on June 23, 2024, and was admitted to bail subject to several conditions of release. Dkts. 13, 23. Defendant filed a Motion for Review and Amendment of Release Order, arguing that nineteen of the conditions of release imposed are not the least restrictive conditions necessary to reasonably assure the safety of the community or

to secure Defendant's appearance in court. Dkt 29. The government filed an opposition to the motion (Dkt. 44) and this matter is ripe for decision.

II.     STANDARD OF REVIEW

When a magistrate judge orders the release of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). The district court reviews the original detention order *de novo*. *See e.g.*, *United States v. Thibodeaux,* 663 F.2d 520, 522 (5th Cir. 1981); *United States v. Smith*, 87 F.R.D. 693, 698–99 (E.D. Cal. 1980) (*aff'd per curiam*, 734 F.2d 22 (9th Cir. 1984), *cert. denied*, 469 U.S. 867 (1984), *cert. denied*, 469 U.S. 887 (1984). The question is whether the evidence as a whole supports the conclusions of the proceedings below. But the reviewing court may rely on the record from the original bond hearing and is not required to conduct a second evidentiary hearing. *See United States v. King*, 849 F.2d 485, 491 (11th Cir. 1988). This is not an appeal from the magistrate judge, but rather is a motion to amend the conditions of release. *See United States v. Krol*, 642 F. Supp. 3d 28, 34 (D.D.C. 2022) (citing *United States v. Chrestman*, 525 F. Supp. 3d 14, 23 & n.5 (D.D.C. 2020) (collecting cases)). The decision of the magistrate judge plays no part in whether the conditions of release imposed are appropriate. *United States v. Carter*, 916 F. Supp. 193, 195 (N.D.N.Y. 1996) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). As such, whether the magistrate judge sufficiently stated her reasoning for the imposition of such conditions on the record is irrelevant to the review and decision of the district court.

Having carefully reviewed the parties' written submissions, the Pretrial Services Report, and the evidence presented at the detention hearing, I find a second hearing and additional oral argument would not aid my decisional process.

The Court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In determining whether conditions of release can reasonably assure the safety of the community or the defendant's appearance at future court proceedings, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings," and probation status at the time of the alleged offense; and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the community. 18 U.S.C. § 3142(g).

Defendant makes two objections to the conditions of release. First, he asserts a global objection to the imposition of "standard conditions." Second, he objects to 19 specified release conditions but provides no specific objection to any of the 19 conditions he opposes. The magistrate judge invited Defendant to present evidence or argument on his objections, but he declined to do so, resting instead on the plain text of the Bail Reform Act. Defendant provides no argument beyond asserting these conditions are not the least restrictive necessary without providing the Court any articulated reason as to why, merely stating "[t]he record below does not support any such a finding." Dkt. 29 at 6.[1] Here, the Court reviews the conditions of release *de novo*.

---

[1] The government does itself no favors with its one-sentence response that says nothing more than it asserts the conditions imposed by magistrate judge were reasonable but completely

## III.  ANALYSIS

The magistrate judge's June 13, 2024, order setting conditions of release admitted Defendant to bail subject to a $25,000 unsecured bond and several additional conditions. Dkt. 23. Defendant challenges certain of those conditions:

1. Condition 3: The defendant must advise the court or pretrial services office or supervising officer in writing before any change in address or phone number.

2. Condition 4: The defendant must appear in court as required and, if convicted, must surrender as directed to serve any sentence imposed. The defendant must next appear at U.S. District Court, 180 West Main Street, Abingdon, VA on August 19, 2024, at 9:00 a.m.

3. Condition 5: The defendant must sign an Appearance Bond, if ordered.

4. Condition 6(a): The defendant shall avoid contact outside the presence of his counsel with any alleged victims or potential witnesses regarding his case.

5. Condition 6(b): The defendant shall report as directed by the probation officer, shall follow the direction of the probation officer; shall promptly report any personal status changes to the probation officer: this shall include immediately reporting any contact by law enforcement officers regarding a criminal investigation or any additional criminal charges placed against the defendant. The defendant shall continue to reside at his current residence and shall not change residences without the permission of the probation officer.

6. Condition 6(c): The defendant shall abstain from the excessive use of alcohol or any use or possession of any controlled substances unless prescribed by a licensed treating physician for a legitimate medical purpose.

7. Condition 6(d): The defendant shall submit to mental health and/or substance abuse evaluation as directed by the probation officer and shall participate in a program of mental health and/or substance abuse treatment as directed.

8. Condition 6(e): The defendant shall allow the probation officer open communication with any treatment agencies or health care providers for the purpose of monitoring the defendant's compliance with all treatment requirements.

---

ignores the standard of review. The Court, having carefully reviewed the record, is able to reach the conclusions it has.

9. Condition 6(g): The defendant shall submit to random routine drug or alcohol testing as directed by the probation officer; shall submit to random pill counts as directed by the probation officer.

10. Condition 6(h): The defendant shall not travel outside the Western District of Virginia without first obtaining permission from the probation officer.

11. Condition 6(i): The defendant shall submit to warrantless search and seizure of his person and property as directed by the probation officer for the purpose of determine [sic] if he is in compliance with his conditions of pretrial release.

12. Condition 6(j): The defendant shall actively seek and/or maintain employment.

13. Condition 6(k): If the defendant possesses a passport, he shall surrender his passport to the U.S. Probation Office to be held pending further order of the court; if the defendant does not currently possess a passport, the defendant shall not apply to obtain a passport.

14. Condition 6(l): If the defendant [sic] shall surrender his passport within seven days to defense counsel who will surrender the passport to the U.S. Probation Office to be held pending further order of the court.

15. Condition 6(m): The defendant shall not associate with any known users/possessors/distributors or manufacturers of illegal controlled substances and shall not be present in any location where illegal controlled substances are being used, possessed, manufactured and/or distributed, unless approved by the supervising officer in cooperation with law enforcement officers.

16. Condition 6(n): The defendant shall restrain any animals on the premises of his residence in a way to not interfere with the probation officer's access to the defendant's residence and to ensure the officer's safety. All animals on the premises must be currently vaccinated for rabies and must provide proof of vaccinations as requested by the U.S. Probation Officer. All unvaccinated animals must be removed from the home within 14 days from today.

17. Condition 6(o): The defendant shall continue in his current mental health counseling/treatment program at his own expense.

18. Condition 6(p): The defendant shall allow the probation officer open communication with any treatment agencies or health care providers for the purpose of monitoring the defendant's compliance with all treatment requirements.

19. Condition 6(q)The defendant shall not obtain any new lines of credit without first obtaining permission from his supervising officer.

In considering Defendant's request to amend his conditions of release *de novo* I reviewed the evidence and argument presented at the detention hearing, the parties' submissions, and the magistrate judge's release order. I find the conditions imposed by the magistrate judge are proper considering the § 3142(g) factors, with the exception of the conditions that the defendant actively seek and/or maintain employment and that he continue his current mental health treatment.

Defendant is currently unemployed after his retirement in January 2023. As he is retired and has retirement income, I will not impose condition 6(j) that he seek and/or maintain employment. Nor will I impose condition 6(o) that he continue mental health treatment. Condition as Defendant is not actively receiving mental health treatment and has no history of mental health issues. Condition 6(d) and 6(p) are amended to remove any requirement that he undergo any mental health evaluation. I do not find that these conditions are reasonably necessary to assure the appearance of the defendant.

Defendant challenges the remaining conditions of release, which he refers to as "the standard conditions," and asserts they are a violation of the Bail Reform Act. I find that the conditions of release imposed are the least restrictive conditions necessary to reasonably assure the safety of the community and Defendant's appearance in court and thus affirm their imposition by the magistrate judge.

Defendant is indicted with two federal felonies and could be sentenced to up to ten years of incarceration for each count if convicted. Additionally, Defendant, on the advice of counsel, refused to answer questions regarding substance use and refused a drug screen.[2]

---

[2] The Bail Reform Act protects from disclosure information collected during a pre-trial services interview. Specifically, "information obtained in the course of performing pre-trial services functions in relation to a particular accused shall be used only for purposes of a bail determination and otherwise be confidential." 18 U.S.C. § 3153(b)(1). "Information made confidential [in a pre-trial services interview] is not admissible on the issue of guilt in a criminal

Condition 4 requires Defendant to appear in court as required and, if convicted, must surrender as directed to serve any sentence imposed. This condition is reasonable necessary to assure that Defendant appear for scheduled court appearances. This is the central requirement of any release from custody on bond. To release a defendant on bond and not require them to appear in court as required would be nonsensical. The second condition requires the defendant to sign an appearance bond, if ordered. This condition is reasonably necessary to assure that Defendant does the basic thing required of any person released on bond—to appear in court as required. The bond simply sets the forfeiture amount for failing to appear. Notably, here Defendant does not challenge the amount of the unsecured bond as financially unreasonable.

The next condition that the defendant avoid contact outside the presence of his counsel with any alleged victims or potential witnesses regarding his case is directly tied to ensuring no witness tampering occurs, intentional or otherwise, and thus the condition ties to the requirement that Defendant commit no other crime while on bond.

Condition 6(b) requires that the defendant report as directed by the probation officer, follow the direction of the probation officer; promptly report any personal status changes to the probation officer: this includes immediately reporting any contact by law enforcement officers regarding a criminal investigation or any additional criminal charges placed against the defendant. Defendant's conditions of release require that he continue to reside at his current residence and not change residences without the permission of the probation officer. Similarly, Condition 3 requires the defendant to advise the supervising officer before changing his address

---

proceeding . . ." 18 U.S.C. § 3153(b)(3). Indeed, it is the express function of pre-trial services to report to the judicial officer information relating to any danger that the defendant may pose to any other person or the community. A defendant's substance abuse history, or active substance use or abuse, are relevant and help to inform the court on whether to release an accused to bail and the appropriate conditions to accompany that release.

7

or phone number. These conditions are reasonably necessary to enable the probation officer to oversee Defendant's pretrial supervision appropriately and effectively. Nearly identical conditions were imposed upon a defendant in *United States v. Gearheart*, No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023), and challenged on appeal upon similar grounds. The order in *Gearheart* was summarily affirmed by the Fourth Circuit. *United States v. Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023).

   Conditions 6(c), 6(d), 6(e), and 6(g) are all related to Defendant's use of alcohol or other controlled substances and the prevention of any such use. Defendant, upon the advice of counsel, refused to answer any questions about such substance use and refused to take a drug screen. Accordingly, the Court must impose such conditions to ensure Defendant refrains from the use of such substances as reasonably necessary to assure the safety of the public and to assure that Defendant does not commit a state or local crime. These conditions are the least restrictive necessary to achieve these goals. Again, nearly identical conditions were imposed upon a defendant in *United States v. Gearheart*, No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023), and affirmed by the Fourth Circuit. *United States v. Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023).

   Condition 6(h) requires Defendant to not travel outside the Western District of Virginia without first obtaining permission from the probation officer. Condition 6(i) requires the defendant to submit to warrantless searches and seizures of his person and property as directed by the probation officer to assure compliance with his pretrial release and are reasonably necessary to allow the supervising probation officer to oversee Defendant's pretrial supervision. The travel condition allows a defendant to travel outside the district with permission of the probation officer. This condition allows a probation officer to supervise Defendant to reasonably

assure the safety of the community. Identical conditions were imposed upon a defendant in *United States v. Gearheart*, No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023), and challenged on appeal upon similar grounds. The order in *Gearheart* was summarily affirmed by the Fourth Circuit. *United States v. Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023).

      Conditions 6(k) and 6(l) require Defendant to surrender his passport to probation, if he has one, and prevents him from obtaining a passport if he does not. These conditions are necessary to assure that probation may adequately supervise Defendant to assure he is complying with his other conditions of release. Nearly identical conditions were imposed upon a defendant in *United States v. Gearheart*, No. 7:23-cr-00013, ECF No. 16 (W.D. Va. March 3, 2023), and summarily affirmed by the Fourth Circuit. *United States v. Gearheart*, No. 23-4235, Doc. 22 (4th Cir. May 3, 2023). I note as well that the travel condition requiring a defendant surrender a passport simply prohibits international travel without permission. The condition does not foreclose, in the proper circumstances, a defendant seeking and obtaining permission to travel outside the United States.

      Condition 6(m) bars Defendant from associating with any known users/possessors/distributors or manufacturers of illegal controlled substances and prohibits Defendant from being present in any location where illegal controlled substances are being used, possessed, manufactured and/or distributed, unless approved by the supervising officer in cooperation with law enforcement officers. This condition is reasonably necessary to assure the safety of the community and that Defendant does not commit a further federal, state, or local crime, and that he complies with the conditions prohibiting use of illegal or controlled substances where, as here, Defendant refused to answer questions about such use and further refused to take a drug screen.

9

Condition 6(n) requires Defendant to take several reasonable steps to assure that any animals on the premises of Defendant's residence do not pose a threat to the probation officer and prevent such officer from carrying out his duty to supervise and assure Defendant's compliance with the conditions of release. This condition is reasonably necessary to assure the safety of the probation officer when conducting home visits.

Condition 6(q) prevents the defendant from obtaining any new lines of credit without the permission of his supervising officer. This condition is reasonably necessary to assure Defendant does not use funds unknown to and hidden from his supervising officer to engage in fraudulent activity in violation of his conditions of release.

The Bail Reform Act presumes personal recognizance bail with only two required conditions, 18 U.S.C. §3142(c). However, I find that these conditions will not reasonably assure the appearance of the person as required or will endanger the community. Considering and applying the factors laid out in 18 U.S.C. § 3142(g), I conclude the conditions imposed by the magistrate judge, except for condition 6(j), requiring Defendant to find and maintain employment and condition 6(o) requiring Defendant to continue mental health treatment, are the least restrictive necessary to reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(c)(1).

IV.   CONCLUSION

It is **ORDERED** that defendant's Motion for Review and Amendment of Release Order (Dkt. 29) is **GRANTED** in part and **DENIED** in part.

Entered: July 22, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

11